```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA

B.H., et al.                  :    CIVIL ACTION
                              :
     v.                       :
                              :
EASTON AREA SCHOOL DISTRICT   :    NO. 10-6283
```

ORDER

AND NOW, this 20th day of June, 2011, upon consideration of the defendant's Motion to Stay (Docket No. 43) and the opposition thereto, IT IS HEREBY ORDERED that the motion is DENIED.

On April 12, 2011, the Court issued a preliminary injunction that prohibited the defendant from suspending, threatening to suspend, or otherwise punishing or disciplining the plaintiffs in this case for wearing certain breast cancer awareness bracelets.  See B.H. v. Easton Area Sch. Dist., --- F. Supp. 2d ----, No. 10-6283, 2011 U.S. Dist. LEXIS 39483, at *48-49 (E.D. Pa. Apr. 12, 2011).

The defendant has moved pursuant to Federal Rule of Civil Procedure 62(c) to stay the preliminary injunction pending the defendant's appeal to the United States Court of Appeals for the Third Circuit.  Rule 62(c) provides in pertinent part:

> While an appeal is pending from an
> interlocutory order or final judgment that
> grants, dissolves, or denies an injunction,
> the court may suspend, modify, restore, or
> grant an injunction on terms for bond or

>  other terms that secure the opposing party's rights.

Fed. R. Civ. P. 62(c). In determining whether to grant the stay, the Court must consider four factors:

>  (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987). The Court has already made an in depth inquiry into the merits of this case, and the Court continues to conclude that the plaintiffs have demonstrated a likelihood of success on the merits. The Court is not persuaded by the District's renewed arguments to the contrary.

The School District has expressed concern that it will be irreparably harmed because it has "no clear guidance on how it should proceed" with regard to revising its dress code for the 2011-2012 school year. (Def.'s Mem. at 14.) The District raised a similar argument in opposition to the motion for preliminary injunction. In response, the Court observed that:

>  The School has expressed concern that if the ban is lifted, then students will try to test the permissible boundaries with other clothing. Nothing in this decision prevents a school from making a case by case determination that some speech is lewd and vulgar while other speech is not. It should be clear, however, that a school must

>     consider the contours of the First Amendment
>     before it decides to censor student speech.

B.H., 2011 U.S. Dist. LEXIS 39483, at *47-48. The same is equally true now. The Court's opinion does not prevent the District from banning lewd or vulgar speech pursuant to the District's dress code. However, with respect to the breast cancer awareness bracelets at issue in the case, the Court still concludes that "it would have been unreasonable for these school officials to conclude that these breast cancer awareness bracelets are lewd or vulgar under the Fraser standard." Id. at *43. C.f. J.S. v. Blue Mt. Sch. Dist., No. 08-4138, --- F.3d ----, 2011 U.S. App. LEXIS 11947, at *22 (3d Cir. June 13, 2011) (en banc) (noting the Third Circuit's "narrow" interpretation of Fraser).

The Court also finds that the public's interest favors the protection of constitutional rights in the absence of legitimate countervailing concerns. See Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 884 (3d Cir. 1997). The factors set forth in Hilton v. Braunskill for staying the preliminary injunction are not met here.

                              BY THE COURT:


                              /s/ Mary A. McLaughlin
                              MARY A. McLAUGHLIN, J.